# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
JOSEPH HONG, BAR NO. 5995.

No. 70955

FILED

DEC 12 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Joseph Hong. This matter has been submitted for decision on the briefs. SCR 113(3).

The instant matter involves two disciplinary complaints involving three clients. First, Hong admitted that he violated RPC 1.4 (communication) by failing to communicate with client Deborah Coursey regarding the status of a medical lien and violated RPC 1.15 (safekeeping property) by losing track of the matter and failing to make payments on the lien from the portion of the settlement funds he had retained in the matter for that purpose. Second, Hong admitted that he violated RPC 1.8(a) (conflict of interest: concurrent clients) by soliciting investors, who were connected to another client and at some point became his clients, to participate in an investment opportunity without advising them to seek independent legal counsel. Finally, Hong admitted that he violated RPC 1.4 (communication) by failing to communicate with the client in a medical malpractice action regarding his decision to delay disbursement of

16-38343

settlement funds to avoid tax penalties and potential claims against the funds. In exchange for the guilty plea, Hong and bar counsel agreed upon a stayed six-month suspension and a two-year probationary period with the following conditions: that Hong has no discipline during the probationary period, completes an additional 10 hours of continuing legal education (CLE) during the first year, pays Coursey $274.76, and pays the costs of the disciplinary proceedings. Following a hearing, a panel of the Southern Nevada Disciplinary Board approved the conditional guilty plea agreement.

The primary issue before us is whether the agreed-upon discipline is sufficient to protect the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (noting purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Hong violated duties owed to his clients, and it appears that he acted knowingly with respect to the communication violations but only negligently as to the other violations. It further appears that the communication violations resulted in potential or actual injury. In the absence of aggravating and mitigating circumstances, suspension is the appropriate sanction for the most serious of Hong's violations, those involving RPC 1.4 (communication). *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.42(b) (Am. Bar Ass'n 2015) (providing that, in absence of mitigating or aggravating circumstances, suspension is

warranted based on pattern of neglect that causes injury or potential injury to a client); *see also id.* at 452 (explaining that when there are multiple charges of misconduct, "[t]he ultimate sanction imposed should at least be consistent with the sanction for the most serious instance of misconduct"). Suspension remains the appropriate sanction after taking into account the aggravating circumstances (prior disciplinary history,[1] multiple offenses, and vulnerability of the victim), *see* SCR 102.5(1)(a), (d), (h), and mitigating circumstance (cooperative attitude toward the proceedings), *see* SCR 102.5(2)(e). And considering all of the factors, we agree with the hearing panel that the discipline set forth in the plea agreement is sufficient to protect the public, the courts, and the legal profession.

We hereby approve the conditional guilty plea agreement and suspend attorney Joseph Hong from the practice of law in Nevada for a period of six months. The suspension shall be stayed and Hong shall be on probation for two years from the date of this order with the following conditions: (1) Hong must not sustain any discipline during the probationary period based on actions occurring after the date of this order, (2) Hong must complete 10 hours of CLE in addition to the hours required by SCR 210 within one year from the date of this order, (3) Hong must immediately pay Coursey $274.76 (if he has not already done so), and (4)

_____

[1]Hong, who has been admitted to practice law in Nevada since 1997, has four prior disciplinary matters that resulted in reprimands, with the most recent reprimand issued in 2008 for conduct that occurred in 2006. Although none of the prior matters involved conduct exactly the same as in this matter, lack of communication is a common thread that runs through all of the matters.

Hong must pay the actual costs of the disciplinary proceedings, excluding bar counsel and staff salaries, within 30 days. The State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Stiglich

cc: Chair, Southern Nevada Disciplinary Board
Pitaro & Fumo, Chtd.
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, United States Supreme Court